UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-25089-BLOOM/Otazo-Reyes

EVANSTON INSURANCE COMPANY,

    Plaintiff,

v.

THE RINALDI GROUP OF FLORIDA LLC,

    Defendant.
_____/

**OMNIBUS ORDER ON MOTION TO DISMISS AND MOTION TO INTERVENE**

**THIS CAUSE** is before the Court upon Defendant The Rinaldi Group of Florida, LLC's ("Defendant" or "Rinaldi") Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. [24] ("Motion to Dismiss"). Plaintiff Evanston Insurance Company ("Plaintiff" or "Evanston") filed a response, ECF No. [29] ("Response"), to which Defendant filed a reply, ECF No. [36] ("Reply"). In addition, non-party Thais Del Valle Mendoza Rodriguez ("Rodriguez") has filed a Motion to Intervene, ECF No. [25] ("Motion to Intervene"), which is also ripe for consideration. *See* ECF No. [30], [33]. The Court has carefully considered the Motion to Dismiss and Motion to Intervene, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion to Dismiss is granted and the Motion to Intervene is denied as moot.

**I.    BACKGROUND**

This case stems from a tragic accident in which Franklin Hernandez ("Hernandez") fell at a construction site and landed on rebar that was not capped, resulting in his death. In January, 2019, Rodriguez, as personal representative of Hernandez's estate, filed a negligence action

Case No. 20-cv-25089-BLOOM/Otazo-Reyes

against Rinaldi and others in the Eleventh Judicial Circuit Court in and for Miami-Dade County arising from Hernandez's wrongful death ("Underlying Action"). The Underlying Action is currently pending in state court.

Evanston insured Rinaldi under a Commercial General Liability Policy ("Policy"). Evanston commenced this insurance coverage case against Rinaldi on December 15, 2020, pursuant to the Court's diversity jurisdiction seeking declaratory relief that it has no duty to defend or indemnify Rinaldi against the claims in the Underlying Action based on exclusions in the Policy. On January 15, 2021, Rodriguez filed her Second Amended Complaint ("Operative Complaint") in the Underlying Action. *See* ECF No. [18-1] at 9-23. Thereafter, Evanston filed its First Amended Complaint, ECF No. [18], asserting no duty to defend based on the Employer's Liability Exclusion (Count 1), no duty to defend based on the Workers' Compensation and Similar Laws Exclusion (Count 2), and no duty to indemnify (Count 3). In the Motion to Dismiss, Rinaldi seeks dismissal of the First Amended Complaint. In the Motion to Intervene, Rodriguez argues that she should be permitted to intervene in this case.

In the Motion to Dismiss, Rinaldi argues that the First Amended Complaint fails to state a claim because the Operative Complaint in the Underlying Action states a claim that falls within the potential scope of coverage under the Policy, and Evanston cannot demonstrate that the allegations in the Operative Complaint fall solely and entirely within the Employer's Liability and/or Workers' Compensation and Similar Laws exclusions. In response, Evanston argues that the allegations in the Underlying Action can be reasonably read to trigger the application of the Policy exclusions. Therefore, dismissal would be improper.

While it is evident that there is a substantial controversy in this case, the Court must nevertheless consider whether it should exercise jurisdiction in this case, especially since it is

evident from the parties' briefing that a critical issue in this case is also implicated in the Underlying Action. *See Am. Ins. Co. v. Evercare Co.*, 430 F. App'x 795, 798 (11th Cir. 2011) ("Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." (quoting *GTE Directories Pub. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1995))).

## II.     LEGAL STANDARD

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The act "vest[s] district courts with discretion in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp." *Id.* at 289; *see also Smith v. Casey*, 741 F.3d 1236, 1244 (11th Cir. 2014); 28 U.S.C. § 2201(a) (providing that district courts "may" exercise jurisdiction over a declaratory judgment claim). Pursuant to the plain language, a district court's ability to grant relief under the Act is permissive, and while the Act "gives the federal courts competence to make a declaration of rights[,] it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach,* 411 F.3d 1328, 1330 (11th Cir.2005) (citing *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 494, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942)). Accordingly, courts retain broad discretion over whether or not to exercise jurisdiction under the Act. *Knights Armament Co. v. Optical Sys. Tech., Inc.,* 568 F. Supp. 2d 1369, 1374 (M.D. Fla. 2008). Additionally, because the Declaratory Judgment Act provides that a court "may declare the rights and other legal relations of any interested party," the Act grants a court "unique and substantial discretion in deciding whether to declare the rights of litigants." *MedImmune, Inc. v.*

*Genentech, Inc.,* 549 U.S. 118, 136, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007) (citing 28 U.S.C. § 2201(a)).

### III. DISCUSSION

The Eleventh Circuit has provided the following factors to aid district courts in balancing state and federal interests:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;
>
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;
>
> (7) whether the underlying factual issues are important to an informed resolution of the case;
>
> (8) whether the state trial court is in a better position to evaluate those factual issues than the federal court; and
>
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas Variable Life Ins. Co.*, 411 F.3d at 1331. This "list is neither absolute nor is any one factor controlling; these are merely guideposts in furtherance of the Supreme Court's admonitions in *Brillhart* and *Wilton*." *Id*.

Upon review, based upon a consideration of the relevant factors, the Court exercises its discretion and declines jurisdiction in this case. In the Operative Complaint in the Underlying Action, Rodriguez alleges in pertinent part that Hernandez was a temporary worker furnished to meet short-term workload conditions, and that neither Rinaldi, nor the other defendants, was Hernandez's "statutory employer." *See* ECF No. [18-1] at 12 ¶¶ 18, 22-23. Evanston argues that Rodriguez and Rinaldi have made contrary representations in the Underlying Action regarding Hernandez's status. In this case, the issue of Hernandez's status is critical, because it will ultimately determine whether either of the claimed Policy exclusions might apply. As a result, the issue of Hernandez's status is not only critical in the instant case, but is also implicated in the Underlying Action, and there is the potential for inconsistent findings such that this case would improperly interfere with the state case. *See Mich. Tech Fund v. Century Nat'l Bank of Broward*, 680 F.2d 736, 742 (11th Cir. 1982) ("The district court has discretion to decline to entertain a diversity action seeking a declaratory judgment and raising issues of state law 'when those same issues are being presented contemporaneously to state court; and thus will necessarily be resolved by the state courts." (citation omitted)).

In addition, the determination of Hernandez's status as employee (or not) will involve the interpretation of state law, which the state court is in a better position to evaluate. Moreover, under the circumstances in this case, the Court is not convinced that a declaration would serve a useful purpose. While a declaration may clarify the legal relations between Rinaldi and Evanston, it will also affect Rodriguez's rights and potential recovery in the Underlying Action, should the state

court determine that Rinaldi is ultimately liable for Hernandez's death. *See Penn Millers Ins. Co. v. AG-Mart Produce, Inc.*, 260 F. App'x 175, 176-77 (11th Cir. 2007) (affirming court's dismissal of declaratory judgment insurance coverage action, where related state court personal injury proceeding was pending).

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion to Dismiss, **ECF No. [24]**, is **GRANTED**, and the Motion to Intervene, **ECF No. [25]**, is therefore **DENIED AS MOOT**. This case is **DISMISSED WITHOUT PREJUDICE**, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 21, 2021.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record